IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ZYNEX MEDICAL, INC.,

        Petitioner,

v.

COYOTE STONE, LLC

        Respondent.

**PETITION TO COMPEL COMPLIANCE WITH ARBITRATION SUBPOENA**

Petitioner Zynex Medical, Inc. ("Zynex"), by and through counsel, for its Petition to Compel Compliance with Arbitration Subpoena, alleges as follows:

## INTRODUCTION

1. This Petition arises out of an arbitration between Zynex and two of its former employees, Michael Frabotta and Melissa Young. Mr. Frabotta was Zynex's Vice President of Sales and Ms. Young was a Zynex account representative. Mr. Frabotta and Ms. Young are now employees of Respondent Coyote Stone, LLC ("Coyote Stone"), a competitor of Zynex.

2. The amount in controversy is in excess of $2,000,000 in damages to Zynex through lost business due to Mr. Frabotta and Ms. Young's breach of contract, misappropriation of trade secrets, and attorney fees, among other damages.

3.      On February 19, 2021, Zynex filed its demand for arbitration against Mr. Frabotta and Ms. Young for breach of contract, breach of fiduciary duty, intentional interference with contract, and misappropriation of trade secrets (the "Arbitration").

4.      Mr. Frabotta and Ms. Young refused to arbitrate, and Zynex had to file a petition to compel arbitration, which was granted on July 14, 2022 by Judge Rodriguez, U.S. District Court for the District of Colorado, Civil Action No. 21-cv-1076-RMR-KLM.

5.      The Arbitration is being conducted through JAMS, with a single arbitrator, Judge John Leopold (Ret.) presiding (the "Arbitrator"). The venue of the Arbitration is Denver, Colorado, which is where the Arbitrator and Zynex are located.

6.      Zynex seeks an order from this Court compelling the attendance of Coyote Stone at the Arbitration hearing before the Arbitrator in accordance with the Federal Arbitration Act ("FAA"), 9 U.S.C. § 7.

## PARTIES

7.      Zynex is a corporation that is incorporated in Colorado and has a primary place of business in Englewood, Colorado. Zynex is engaged in the business of providing prescription-based medical devices, products, and supplies, including electrotherapy devices and cervical traction devices to patients who are prescribed such treatments.

8.      Coyote Stone is a limited liability company formed under the laws of the state of Washington. Coyote Stone, on information and belief, has a place of business at 10818 NE Coxley Dr., Suite L, Vancouver, WA, 98662 and has two members: Robert A. Towne and Cynthia J. Towne, who are husband and wife and both citizens of the state of Washington.

## JURISDICTION

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is an action between a citizen of the state of Colorado and a citizen of the state of Washington, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10. Venue is proper in this judicial district pursuant to 9 U.S.C. § 7 because the Arbitrator is sitting in this district. *Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1158 (11th Cir. 2019).

## FACTS

11. Coyote Stone is Zynex's direct competitor and Mr. Frabotta and Ms. Young's current employer.

12. Indeed, Mr. Frabotta and Ms. Young left Zynex to work for Coyote Stone, giving rise to the claims at issue in the Arbitration styled as *Zynex Medical, Inc. v. Michael Frabotta and Melissa Young* .

13. Coyote Stone alleges that it owns a vast majority of the documents and evidence needed in the Arbitration and has forbidden Mr. Frabotta and Ms. Young from meaningfully participating in discovery in the Arbitration. Coyote Stone takes the position that Mr. Frabotta and Ms. Young can produce no documents in the Arbitration (even subject to a protective order) that Coyote Stone claims belong to it.

14. In the Arbitration, the Arbitrator has concluded that without the ability to obtain evidence from Coyote Stone, Zynex will not get a fundamentally fair hearing.

15. On October 30, 2023, in the Arbitration, the Arbitrator, sitting in this district, issued a subpoena pursuant to 9 U.S.C. § 7, compelling the attendance of Coyote Stone, in person, before him, at a hearing to take place in Vancouver, Washington.

16. Attached hereto as Exhibit A is a true and correct copy of the subpoena issued by the Arbitrator.

17. Coyote Stone was properly served with the subpoena.

18. Coyote Stone has refused to comply with the subpoena.

19. Upon being served, Coyote Stone filed lengthy objections to the subpoena with the Arbitrator, and the Arbitrator considered and rejected those objections.

## PETITIONER'S CLAIM FOR RELIEF
### Compel the Attendance of Coyote Stone, LLC Pursuant to 9 U.S.C. § 7

20. Zynex repeats and realleges paragraphs 1 through 19 hereof, as if fully set forth within.

21. The Arbitrator was entitled to issue the subpoena on Coyote Stone.

22. Under Section 7 of the FAA, an arbitrator "may summon in writing any person to attend before [him] or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case." 9 U.S.C. § 7.

23. Pursuant to Section 7, the Arbitrator properly exercised his authority to convene a hearing in Vancouver, Washington, and issue a summons to Coyote Stone to appear at that hearing as a witness and to bring relevant documents.

24. The FAA gives an arbitrator the power to "compel the attendance of a person 'to attend before them . . . as a witness,'" and to "compel such person 'to bring with him or them' relevant documents.'" *CVS Health Corp. v. Vividus, LLC*, 878 F.3d 703, 706 (9th Cir. 2017).

25. Pursuant to Section 7, an arbitrator may summon a third party to attend an in-person hearing and to bring relevant documents with it. *Id.*; *Managed Care Advisory Grp., LLC*, 939 F.3d at

4

1145, 1159-60; *Life Receivables Tr. v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 216 (2d Cir. 2008); *Hay Grp., Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 411 (3d Cir. 2004); *COMSAT Corp. v. Nat'l Sci. Found.*, 190 F.3d 269, 275 (4th Cir. 1999).

26. Under Section 7 of the FAA, an arbitral summons must be served in the same manner as a subpoena under Fed. R. Civ. P. 45. *Managed Care Advisory Grp.*, 939 F.3d at 1157 (citing 9 U.S.C. § 7). Fed. R. Civ. P. 45 was amended in 2013 to provide for nationwide service of subpoenas. *Id.*; Fed. R. Civ. P. 45.

27. However, under Rule 45, the place of the hearing must be within 100 miles of Coyote Stone's place of business, which is Vancouver, Washington, located just 10 miles outside of Portland, Oregon.

28. An arbitrator is entitled to set a hearing to obtain the testimony and documents of a third party. *Hay Group, Inc.*, 360 F.3d at 407 (holding that section 7 permits subpoenas in which "the non-party has been called to appear in the physical presence of the arbitrator and to hand over the documents at that time."); *see also Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 577-578 (2nd Cir. 2005).

29. In granting this petition, the Court need not address any issues related to the substance of the subpoena. This is because under the FAA, the arbitrator determines what is material. A court enforcing an arbitrator's subpoena is not required to, and indeed should not, make an independent assessment of the materiality of information sought by the arbitrator. *In re Security Life Ins. Co. of Am.*, 228 F.3d 865, 871 (8th Cir. 2000); *Shasha for Violet Shuker Shasha Living Tr. v. Malkin*, 2018 WL 3323818, at *2 (S.D.N.Y. July 5, 2018) (arbitrators are "far better positioned than this Court to make any assessment of whether the non-parties' testimony is material, cumulative, or otherwise objectionable").

5

30. For the foregoing reasons, the Court should issue an order compelling Coyote Stone's compliance with the arbitration subpoena attached as Exhibit A.

WHEREFORE, Petitioner Zynex Medical, Inc. respectfully requests that this Court issue an order pursuant to 9 U.S.C. § 7 compelling Respondent Coyote Stone, LLC's compliance with the attached arbitration subpoena and grant such other relief as the Court may deem just and proper.

DATED this 18th day of March, 2024.

Respectfully submitted,

FORTIS LAW PARTNERS, LLC

*/s/ Lenora B. Plimpton*
Christine K. Lamb, Atty. Reg. #30326
Lenora B. Plimpton, Atty. Reg. #48194
Fortis Law Partners LLC
1900 Wazee Street, Suite 300
Denver, Colorado 80202
Telephone: 303.295.9700
Facsimile: 303.295.9701
clamb@fortislawpartners.com
lplimpton@fortislawpartners.com
*Attorneys for Petitioner*

6