**J A M S ARBITRATION**
Case No. 28123

ZYNEX MEDICAL, INC
   Claimant

and

MICHAEL FRABOTTA & MELISSA YOUNG

   Respondents

---

## SUBPOENA TO TESTIFY AND PRESENT EVIDENCE AT AN ARBITRATION HEARING

---

To:     Bob Towne, CEO
          Coyote Stone, LLC
          10818 NE Coyley Dr., Suite L,
          Vancouver, Washington, 98662, United States

     By the authority conferred on the undersigned Arbitrator by Section 7 of the Federal Arbitration Act (9 U.S.C. § 7), you are hereby COMMANDED, all business and excuses being laid aside, to attend and give testimony on behalf of Coyote Stone, LLC, by designating Michael Frabotta, or another corporate representative or representatives equally or more qualified, knowledgeable, and prepared to testify about the documents, electronically stored information, or tangible things identified in Exhibit A to this subpoena, as representative(s) of Coyote Stone, LLC, as a witness at an arbitration hearing before the undersigned arbitrator, at 9:00 a.m. Pacific Time on **November 17, 2023** at the Residence Inn Portland Vancouver, 411 SE 123rd Avenue, Vancouver, Washington, 98683, and to bring with you the documents, electronically stored information, or tangible things identified in **Exhibit A** annexed to this Subpoena.

     Provided that this subpoena has been served upon you in the same manner as is required of a judicial subpoena under Rule 45 of the Federal Rules of Civil Procedure or state equivalent (as applicable), then if you shall refuse or neglect to obey this Subpoena, upon petition, the United States District Court for the District of Colorado or a Washington State Court (as applicable) may compel your attendance, or punish you for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States or of Washington State, as applicable.

     You may address questions concerning this Subpoena to the attorneys identified below who requested this Subpoena. Any application by you to quash or modify this Subpoena in whole or in part should be addressed to the Arbitral Tribunal in writing, with copies to counsel for the parties, except that a motion upon the ground that the Subpoena is unenforceable under Section 7 of the Federal Arbitration Act may also be addressed to the United States District Court for the District of Colorado or a Washington State Court, where applicable.

1

**EXHIBIT A**

The attorneys who requested this subpoena are:

Fortis Law Partners, LLC
Christine Lamb and Lenora Plimpton
1900 Wazee St., Suite 300
Denver, CO 80202
clamb@fortislawpartners.com
lplimpton@fortislawpartners.com

The other attorneys in the case are:

| Michael Frabotta | Joel Butcher<br>Zimmer Kunz P.L.L.C.<br>310 Grant St., Suite 300<br>Pittsburgh, PA 15219 | 412-434-5449 | butcher@zklaw.com |
|---|---|---|---|
| Melissa Young | Joel Dillard, PA<br>775 N. Congress St.<br>Jackson, MS 39202 | 601-487-7369 | joel@joeldillard.com<br>joel.f.dillard@gmail.com |

The following provisions of Fed. R. Civ. P. Rule 45 are attached as **Exhibit B**: Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rules 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so. The following provisions of Wash. Super. Ct. Civ. R. 45 are attached: 45(c), relating to your protection as a person subject to a subpoena, and 45(d) relating to your duties in responding to a subpoena.

Dated: October 29, 2023

_[signature]_

Judge John Leopold (ret.), Arbitrator
410 17th Street, Suite 22440
Denver, CO 80202
303-534-1254
jleopoldjams@gmail.com

2

## Exhibit A
## Document Requests

### Instructions

1. "You," "Your," or "Yours" shall mean Coyote Stone LLC and any of its successors, assigns, employees, agents, officers, consultants, subsidiaries, parents, or other representatives; this term shall specifically include Mr. Frabotta and Ms. Young.

2. "Zynex" shall mean Claimant Zynex Medical, Inc., and any of its successors, assigns, employees, agents, attorneys, consultants, related entities, or other representatives.

3. "Mr. Frabotta" shall mean Your employee or former employee, Respondent Michael Frabotta.

4. "Ms. Young" shall mean Your employee or former employee, Respondent Melissa Young.

5. "Arbitration" shall mean the above-captioned action.

6. "Business Relationship" means a relationship with an entity or individual (including Providers, prescribers, patients, Clinics, and Customers) where the primary purpose of the relationship is (or was) to sell products, whether directly or indirectly, and/or a relationship or occurrence where You or your Agents Pursued, Pitched, Referred, or Encouraged the prescription of, sale of, or recommendation of Your products to any entity or individual. For avoidance of doubt, a Business Relationship shall include, as stated by Coyote Stone on its website, any relationship involving Coyote Stone's "work to help patients live healthier, pain free lives and to help the medical professionals who treat them." *See* Coyote Stone, "Who We Are," https://coyotestone.com/who-we-are (last accessed Oct. 27, 2023).

7. "Pitch" and "Encourage" shall be understood in the customary sense and shall include: Providing product samples to; discussing products with, recommending products to, explaining products, marketing, visiting, contacting, or reaching out to (including in person, via email, and via telephone).

8. "Clinic" shall mean a location with a practicing medical doctor or licensed prescriber of durable medical equipment, a location offering medical services, a medical facility, a medical office, a medical practice, a hospital, or any other location where medical services are delivered to patients.

9. "Provider" shall mean any prescriber, medical/healthcare provider (including medical doctors, physicians, nurses, physical therapists, physician's assistants, DOs, nurse practitioners, and/or any medical professionals), who prescribed, ordered, sold, provided, referred or recommended Your products to any third party (including patients, prescribers, other Providers, Clinics, representatives of Clinics, and/or insurers).

10. "Lead Sources" shall mean a source (including an entity or individual) that caused, assisted, or otherwise led to a Business Relationship between Coyote Stone and any Clinic or

3

Provider and/or to a sale, directly or indirectly, of any of Coyote Stone's products to a Customer. "Lead Sources" specifically includes but is not limited to "physicians," and "representatives," which terms are broadly defined to include the meaning they have on Coyote Stone's website. *See* Coyote Stone, "Who We Are," https://coyotestone.com/who-we-are (last accessed Oct. 27, 2023).

11. "Customer" shall have the meaning commonly used in the durable medical products industry, including the industry that Coyote Stone is in, however defined by Coyote Stone, and shall specifically include the meaning of "customer" as used on Coyote Stone's website, wherein Coyote Stone references "our valued customers" and "[w]e pride ourselves on excellent customer service."

12. "Zynex Employee" means any person who You Know, suspect, or have reason to believe was an employee at Zynex at any time from October 1, 2019, to present.

13. "Known" shall be understood to include information provided to Mr. Frabotta or Ms. Young in the course of discovery in this case.

14. "Zynex Independent Contractor" means any person who You Know, suspect, or have reason to believe Zynex contracts with, contracted with, works for or worked with, for the purpose of selling medical devices, from October 1, 2019, to present.

15. "Communication" means all drafts, inquiries, discussions, conferences, conversations, negotiations, agreements, interviews, telegrams, telephone conversations, text messages, letters, correspondence, e-mail, notes, telexes, facsimiles, instant messages, social media posts, and any other form of communication, whether written, oral, or otherwise.

16. The terms "Document" or "Documents" are used in their customary broad sense and include, without limitation, electronically stored information, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy of the following items, however produced or reproduced, including: Communications, writings, books, invoices, shipping forms, accounting records of any nature whatsoever, agreements, correspondence, memoranda, recordings, summaries of recordings, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, calendars, day-timers, time sheets and other time records, letters, forecasts, graphs, notebooks, charts, plans, sketches, drawings, video and audio tapes, films, slides, photographs, photo-records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, summaries of investigations, opinions or reports of consultants, reprints and drafts of any documents, working papers, indices, original or preliminary notes, computer printouts, and other data compilations, including those stored on computer drives or tapes, from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form. The terms "Document" or "Documents" specifically includes written and electronic Communications including, but not limited to, e-mail and text messages.

17. "Relating To," "Referring To," or "Related To" mean in whole or in part constituting, defining, evidencing, containing, describing, concerning, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, arising in connection with, dealing with, or otherwise pertaining to in any way the subject matter of the requested information.

4

18. The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

19. If You object to any request, You must be prepared to state at the hearing, or You must otherwise state in writing, whether You have withheld Documents or information on the basis of the objection, and to Identify what You withheld.

20. If any requested Document is not produced at the hearing on grounds other than privilege, you must be prepared to, at the hearing, Identify the Document and state the reason for its non-production.

21. In gathering and providing the Documents, please Bates number each Document and designate each Document or specific group of Documents responsive to the individual request. If no Document in Your possession, custody or control is responsive to the Request, You must so state, whether at the hearing or in writing in advance of the hearing.

22. Your production of documents at the hearing shall be governed by the terms of the Protective Order in this case, which is attached as **Exhibit C**.

## REQUESTS FOR DOCUMENTS

1. Produce documents that show, list, or otherwise identify all Clinics, Providers, Customers, and Lead Sources that are both (1) Known or believed by You (including your agents Mr. Frabotta and/or Ms. Young) to currently have, or in the past have had, a Business Relationship with Zynex, and (2) with whom Mr. Frabotta or Ms. Young, directly or indirectly, either (a) pursued a Business Relationship on behalf of Coyote Stone, or (b) had a Business Relationship on behalf of Coyote Stone; during the time period of October 1, 2019, to present.

2. Produce documents that show, list, or otherwise identify all of Coyote Stone's current or former employees or independent contractors who, immediately prior to working at Coyote Stone, (or while working at Coyote Stone), were Zynex Employees or Zynex Independent Contractors, as such terms are defined above, during the time period June 1, 2019, to present.

3. For the individuals or entities included in your response to Request for Production No. 2, produce all Documents and Communications Related to the hiring of or contracting with such individual or entity, including but not limited to all recruiting materials, application materials, hiring materials, and offers. Should there be any doubt, these individuals should include, at a minimum, Mr. Frabotta, Ms. Young, Peter Urquiza, Elaine Key, Dan Peterson, Ben Davidson, Robert Rawls, Daryl Harvin, and Jason McCamey

4. For the time period of October 1, 2019, to present, Produce all Communications to, from, forwarded, blind-copied, or copied to Mr. Frabotta that refer or relate to any entity or individual included in the materials produced in Your response to Request for Production No. 1.

5. For the time period of October 1, 2019, to present, Produce all Communications to, from, forwarded, blind-copied, or copied to Ms. Young that refer or Relate to any entity or individual included in the materials You produced in response to Request for Production No. 1.

6. Produce all Documents and Communications reflecting any sales You made during the time period October 1, 2019, to December 31, 2020, that were Related to, influenced by, or caused by Ms. Young and/or Mr. Frabotta's Business Relationships with any Clinic, Provider, Customer, or Lead Source.

7. For the time period of October 1, 2019, to present, Produce all Communications between or including Mr. Frabotta and/or Ms. Young, on the one hand, and any individual Known to be a Zynex Employee or Zynex Independent Contractor at the time of the Communication, on the other. Should there be any doubt, these individuals should include, at a minimum, Mr. Frabotta, Ms. Young, Peter Urquiza, Elaine Key, Dan Peterson, Ben Davidson, Robert Rawls, Daryl Harvin, and Jason McCamey.

8. Produce all non-privileged Communications and Documents that relate in any way to Zynex from the time period of June 1, 2019, to present. This should include all communications between You and Mr. Frabotta and Ms. Young, between Mr. Frabotta and Ms. Young, Communications between You and Peter Urquiza, Elaine Key, Dan Peterson, Ben Davidson, Robert Rawls, Daryl Harvin, and/or Jason McCamey, as well as non-privileged communications between You and Mr. Frabotta and Ms. Young's attorneys. If you are withholding any documents on the basis of privilege, please so state.

9. Produce all non-privileged Communications between Mr. Frabotta and Ms. Young Related to any entity or individual included in the materials produced in Your response to Request for Production No. 1, between the time period of October 1, 2019, to present.

10. Produce a document or documents that show, list, or otherwise Describe and Identify all products that You sold or marketed during the time period of October 1, 2019, to present (for avoidance of doubt, this request seeks only a document or documents containing a description or identification of the type of products sold by Coyote Stone, not sales records).

11. For the time period of October 1, 2019, to present, Produce all Communications between any of Your current or former employees or independent contractors and any entity or individual included in the materials produced in response to Request for Production No. 1.

12. Produce all Documents and Communications from the time period of October 1, 2019, to present, that relate to or reflect Your Business Relationship with any Clinic, Provider, or Lead Source that You know, suspect, or believe had a Business Relationship with Zynex during that same time period.

13. Produce all Communications and Documents Related to the employment, by Coyote Stone, of Mr. Frabotta and Ms. Young, including their personnel files; any offer letter(s) negotiation(s), agreements, their relationship with Zynex, and any Documents or Communications exchanged during their respective interview or hiring process.

14. Produce all Communications from November 1, 2019, to present between Mr. Frabotta and any person identified in your response to Request for Production No. 2, Related to that person's hiring by Coyote Stone and/or to Zynex or this Arbitration in any way.

15. Produce all Communications from November 1, 2019, to present between Ms. Young and any person Identified in your response to Request for Production No. 2 Related to that

6

person's hiring by Coyote Stone, Related to any entity or individual identified in the materials produced in response to Request for Production No. 1, and/or Related to Zynex or this Arbitration in any way.

16. Produce all non-privileged Communications between, on the one hand, any employee or agent of Coyote Stone, including Coyote Stone's attorneys, and, on the other, Mr. Frabotta and/or Ms. Young *acting in their individual capacity*, or with Mr. Frabotta and Ms. Young's attorneys, that are Related in any way to this Arbitration.

17. Produce a Document or Documents that show, list, or otherwise identify all sales made, directly or indirectly, by Mr. Frabotta, on behalf of Coyote Stone, during the time period of October 1, 2019, to present.

18. Produce a Document or Documents that show, list, or otherwise identify all sales made, directly or indirectly, by Ms. Young, on behalf of Coyote Stone, during the time period of October 1, 2019, to present.

# EXHIBIT B

## Federal Rules of Civil Procedure Rule 45: Subpoena

**(a) In General.**
**(1) *Form and Contents.***
**(A)** *Requirements--In General.* Every subpoena must:
**(i)** state the court from which it issued;
**(ii)** state the title of the action and its civil-action number;
**(iii)** command each person to whom it is directed to do the following at a specified time and place: attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises; and
**(iv)** set out the text of Rule 45(d) and (e).
**(B)** *Command to Attend a Deposition--Notice of the Recording Method.* A subpoena commanding attendance at a deposition must state the method for recording the testimony.
**(C)** *Combining or Separating a Command to Produce or to Permit Inspection; Specifying the Form for Electronically Stored Information.* A command to produce documents, electronically stored information, or tangible things or to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena. A subpoena may specify the form or forms in which electronically stored information is to be produced.
**(D)** *Command to Produce; Included Obligations.* A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials.
**(2) *Issuing Court.*** A subpoena must issue from the court where the action is pending.
**(3) *Issued by Whom.*** The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service. An attorney also may issue and sign a subpoena if the attorney is authorized to practice in the issuing court.
**(4) *Notice to Other Parties Before Service.*** If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.
**(b) Service.**
**(1) *By Whom and How; Tendering Fees.*** Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law. Fees and mileage need not be tendered when the subpoena issues on behalf of the United States or any of its officers or agencies.
**(2) *Service in the United States.*** A subpoena may be served at any place within the United States.
**(3) *Service in a Foreign Country.*** 28 U.S.C. § 1783 governs issuing and serving a subpoena directed to a United States national or resident who is in a foreign country.
**(4) *Proof of Service.*** Proving service, when necessary, requires filing with the issuing court a statement showing the date and manner of service and the names of the persons served. The statement must be certified by the server.
**(c) Place of Compliance.**
**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.
**(2) *For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.
**(d) Protecting a Person Subject to a Subpoena; Enforcement.**
**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction-- which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.
**(2) *Command to Produce Materials or Permit Inspection.***

8

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

9

**(f) Transferring a Subpoena-Related Motion.** When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

**(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## Washington Superior Court Civil Rules, CR 45: Subpoena

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to subsection (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce and all other parties, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:
(i) fails to allow reasonable time for compliance;
(ii) fails to comply with RCW 5.56.010 or subsection (e)(2) of this rule;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden, provided that the court may condition denial of the motion upon a requirement that the subpoenaing party advance the reasonable cost of producing the books, papers, documents, or tangible things.

(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve

11

the information if the party disclosed it before being notified; and may promptly present the information in camera to the court for a determination of the claim. The person responding to the subpoena must preserve the information until the claim is resolved.

EXHIBIT C

**BEFORE THE JUDICIAL ARBITRATION AND MEDIATION SERVICES**

Case Id. 28123

ZYNEX MEDICAL, INC.

        Claimant/Counterclaim Respondent,

v.

MICHAEL FRABOTTA; and MELISSA YOUNG

        Respondents/Counterclaimants.

## PROTECTIVE ORDER

THIS MATTER, having come before the Arbitrator on the parties' Stipulated Motion for Entry of a Protective Order and the Arbitrator, having fully reviewed that Motion, states as follows: IT IS HEREBY ORDERED THAT:

1. This Protective Order shall apply to all electronically stored information, documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, deposition exhibits, and other information produced, given, or exchanged by and among the parties and any non-parties in connection with this action (collectively "Information").

2. Information produced or provided by the parties or non-parties during the course of the above-captioned matter may be designated as "Confidential Information" or "Confidential Information for Attorneys' Eyes Only," so long as the Party who designates such Information has a good faith belief that such Information reflects, refers to, or evidences common law and statutory privacy and/or confidentiality interests, such as a trade secret or other confidential or proprietary research, development, or commercial information within the meaning of Federal Rule of Civil Procedure 26(c)(1)(G) and applicable state law, or confidential information belonging to a third party, such as a client of a party, and therefore is entitled to confidentiality under the terms of this Order.

3. "Confidential Information" means any document, record, file, portions of files, including any extract, abstract, chart, summary, note, information, or copy made therefrom – not made available to the public – and designated as confidential in accordance with Paragraph 6 of this Order, and any aggregation of Confidential Information. Confidential Information shall not be disclosed or used for any purpose except the preparation and arbitration of this case and any related

proceeding (inclusive of appellate proceedings) (the "Litigation") and for no other purpose, including without limitation any commercial or business purpose, absent the prior written consent of the designating party, or leave of the Court.

4. "Producing Party" means a Party or non-party that produces Confidential Information, Confidential Information for Attorneys' Eyes Only, or other information in connection with this arbitration.

5. "Recipient" or "Receiving Party" means a Party or non-party in this arbitration (or counsel thereto and their agents) or any person to whom Information is produced or disclosed in the Litigation who receives Confidential Information, Confidential Information for Attorneys' Eyes Only or other information in connection with the arbitration.

6. A. "Confidential Information for Attorneys' Eyes Only" means any Information, document, record, file, portions of files, including any extract, abstract, chart, summary, note, information, or copy made therefrom that a Party reasonably believes is particularly sensitive, so that even its limited disclosure would cause the Producing Party harm due to the protected or particularly sensitive nature of the Information, including, but not limited to, the risk of loss of a significant competitive advantage.

B. To designate Confidential Information or Confidential Information for Attorneys' Eyes Only on Documents, the Producing Party shall place a legend or stamp upon the Document indicating such in a way that brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient on reasonable notice that the Document contains Confidential Information. To designate Confidential Information or Confidential Information for Attorneys' Eyes Only in testimony (or in exhibits referred to therein), the Producing Party shall (a) make an oral statement to that effect on the record, or (b) notify the Recipient in writing at any time up until twenty (20) days after receipt of the transcript.

7. The Recipient of Confidential Information shall use that information solely in connection with this Litigation, and shall not disclose Confidential Information to any person except:

    a. Attorneys actively working on this case;

    b. Persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by the attorneys in preparation for arbitration, at the arbitration, or at other proceedings in this case;

    c. The Parties and designated representatives of the Parties;

    d. Expert witnesses and consultants retained in connection with this proceeding to the extent such disclosure is necessary for preparation, arbitration or other proceedings in this case;

e. The Judicial Arbitration and Mediation Services and its employees ("Arbitration Personnel");

f. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g. Deponents, witnesses, or potential witnesses; and

h. Other persons by written agreement of the Parties.

8. The Recipient of documents or information that has been designated as "Confidential Information for Attorneys' Eyes Only" shall use that information solely in connection with this arbitration, and shall not disclose Confidential Information to any person except:

a. Attorneys actively working on this case and employees of attorneys actively working on this case;

b. Expert witnesses and consultants retained in connection with this proceeding to the extent such disclosure is necessary for preparation, arbitration or other proceedings in this case;

c. Arbitration Personnel as needed;

d. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

e. Deponents, witnesses, or potential witnesses, while preparing to testify at a deposition or hearing; and

f. Other persons by written agreement of the Parties.

9. Prior to disclosing Confidential Information or Confidential Information for Attorneys' Eyes Only to any person listed above in Paragraphs 7 and 8 (other than the counsel, persons employed by counsel, and Arbitration Personnel), counsel shall provide each person with a copy of this Protective Order and obtain from each person a declaration in the form of Exhibit A, attached, stating that he or she has read this Protective Order and agrees to be bound by its provisions.

10. If any Party objects to the designation of certain information as Confidential Information or Confidential Information for Attorneys' Eyes Only, such Party shall promptly inform the other Parties' counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If, after such good faith attempt, all counsel are unable to resolve their dispute within fourteen (14) days after notice is received, the non-designating party may request that the Arbitrator determine whether the disputed Information should be subject to the terms of this Protective Order. During

3

waiver shall be deemed to have occurred pending the Arbitrator's ruling on the Receiving Party's motion.

14. All information obtained by a Recipient in discovery in this arbitration, regardless of whether it is Confidential Information, shall be used by the Recipient solely for the prosecution or defense of the claims in this arbitration, and shall not be used by the Recipient in any other legal action, or for any business, commercial, competitive, personal, publicity, media or other purpose. No Recipient or other person to whom Confidential Information is disclosed shall copy, transcribe, or otherwise reproduce in written or any other form any part or portion of any Confidential Information except as necessary for purposes of the arbitration.

15. Within fifteen business days after the conclusion of this arbitration, by adjudication (including appeals) or otherwise, the Recipient shall return to the Producing Party all Confidential Information and Confidential Information for Attorneys' Eyes Only, all copies of such information, and any Documents incorporating such information. Alternatively, at the request of the Producing Party, the Recipient shall destroy all such materials and certify in writing that all such materials have been destroyed. However, each law firm representing a party or a deponent may retain one copy of all court pleadings and briefs containing "Confidential" or "Confidential Attorneys' Eyes Only" Information, one copy of all deposition, hearing, and/or arbitration transcripts containing the Information, and copies of documents incorporating or referring to the Information which are inextricably intermingled with the work product of that party's counsel. All documents retained by counsel shall remain subject to this Protective Order. The Arbitrator shall retain jurisdiction to enforce this Protective Order after the termination of the Litigation.

16. Nothing in this Order shall prohibit any Party from objecting to the production or disclosure of Confidential Information or Confidential Information for Attorneys' Eyes Only solely on the grounds that such information is confidential or sensitive, or on any other grounds.

17. In the event a Party or their counsel obtain information belonging to any other Party from a third Party that the Party to whom the information belongs believes is confidential, that Party may designate such information Confidential Information or Confidential Information for Attorneys' Eyes Only pursuant to this Order and it shall be treated as such in accordance with this Order.

18. If a Recipient discloses Confidential Information or Confidential Information for Attorneys' Eyes Only in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information. This paragraph shall not limit the rights and remedies of the designating party.

19. The terms of this Protective Order shall have no effect on the Parties' position as to the authenticity or admissibility of documents produced subject to it.

20. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Arbitrator, or from filing a motion with respect to the manner in which Confidential Information shall be treated at a hearing.

21. This Protective Order may be modified by the Arbitrator at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

22. In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall also be subject to the terms of this Protective Order.

23. The fact of designation of any Information by any party as "Confidential" or "Confidential Attorneys' Eyes Only" shall not be deemed an admission for purposes of this litigation and shall not constitute admissible evidence at the arbitration.

24. The termination of this arbitration shall not relieve counsel or other persons obligated under this Order from their responsibility to maintain the confidentiality of Confidential Information and Confidential Information for Attorneys' Eyes Only pursuant to this Protective Order, and the Arbitrator shall retain continuing jurisdiction to enforce the terms of this Protective Order.

Dated this ___13___ date of March, 2023.

Arbitrator Signature: _____
Arbitrator

6